I concur except as to the limitation on the reinstatement of Alfa's judgment on the pleadings.
The Smiths' complaint seeking a refund of all interest has been subjected to a motion for partial judgment on the pleadings and, based on the majority's holding today, it has been found wanting. Yet, the majority apparently would have the Court of Civil Appeals return this case to the trial court on the ground that the Smiths, by claiming in their complaint the total amount of interest paid, "necessarily claim any lesser amount that may be deemed excessive." 762 So.2d at 854-55. I cannot read this new claim as "necessarily" claimed in the original complaint. In fact, the Smiths asserted this claim for a lesser amount for the first time on appeal.
When a dismissal is affirmed and after the affirmance the plaintiff, in order to revive the claim, seeks to assert a new theory, the policy of liberally allowing amendments should bow to the policy favoring the finality of judgments. Otherwise, what would prevent a party from asserting after remand a right to further proceedings based on newly amended pleadings? See Bahakelv. City of Birmingham, 457 So.2d 348 (Ala. 1984) (amendment to a complaint stating additional grounds of recovery impermissible after previous dismissal has been affirmed).
I dissent from the remand order, which I understand will lead to further proceedings on matters not claimed at the time of the trial court's ruling on Alfa's motion for partial judgment on the pleadings.
Brown, J., concurs.